UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABIGAIL DOOLITTLE,

                                      Plaintiff,

            -against-                                            Case No. 22-cv-09136 (JLR)

BLOOMBERG L.P. and MARK CRUMPTON,                                **ORDER**

                                      Defendants.

JENNIFER L. ROCHON, United States District Judge:

Mark Crumpton ("Defendant") seeks a protective order under Federal Rule of Civil

Procedure ("Rule") 26(c) to stay Abigail Doolittle ("Plaintiff") from taking his deposition for

six months.  ECF Nos. 66 ("Br."), 83 ("Reply").  Plaintiff opposes the motion.  ECF No. 76

("Opp.").  For the reasons set forth below, the motion is granted in part.

On December 21, 2023, Plaintiff served Defendant with a deposition notice.  *See* Br. at

1 n.1.  Defendant argues that his "current health condition . . . prevents him from" appearing

for a deposition.  *Id.* at 1.  Because the parties could not agree on whether or when to schedule

the deposition, Defendant moved on April 12, 2024, for the instant protective order.  *See id.* at

3.  Defendant also submitted declarations from two of his doctors, his brother, and his

attorney.[1]  *See* ECF Nos. 67-70.  Plaintiff opposed the motion on April 23, 2024.  *See* Opp.

Defendant replied on April 25, 2024.  Defendant Bloomberg L.P. submitted a letter in support

of Defendant's protective-order motion on the same day.  ECF No. 84.  On April 29, 2024, the

Court ordered the parties to discuss whether reasonable accommodations could permit

---

[1] Because these documents discussed sensitive details of Defendant's medical condition, the
Court granted Defendant's motion to file under seal unredacted versions of these declarations
and the parties' briefs for the protective-order motion.  *See* ECF Nos. 72, 77.  To maintain
confidentiality here, the Court avoids direct reference of specific details of Defendant's
medical history.

Defendant's deposition to proceed.  ECF No. 85.  In a joint letter, the parties confirmed that they were unable to agree on such accommodations.  ECF No. 86.

Under Rule 26, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1)(D).  "The party seeking the protective order carries the burden to show that good cause exists for issuance of the order."  *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 424 (S.D.N.Y. 2019) (quotation marks and citation omitted).  "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 139 (S.D.N.Y. 2021).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  The Court "ultimately weighs the interests of both sides in fashioning an order."  *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010).

The Court, in its discretion, finds that Defendant has met his burden to show good cause that a protective order should be entered.  Those most familiar with Defendant's current condition, including his two treating physicians, have submitted sworn affidavits stating that Defendant cannot communicate effectively at this time and risks further damaging his health if required to testify.  *See* ECF Nos. 67 ("Gadarla Decl.") ¶¶ 11-12; 68 ("Vecchione Decl.") ¶¶ 11-14; 69 ¶¶ 8-13.  These declarations suggest to the Court that a deposition would unduly burden Defendant's health.  *See, e.g.*, *Goris v. Metal-Tech Controls Corp.*, No. 17-cv-01565 (NGG) (SJB), 2019 WL 13233426, at *2 (E.D.N.Y. Apr. 12, 2019) (subpoena would pose undue burden for would-be deponent who "has had a stroke and is incapacitated").

2

Plaintiff challenges as conclusory and speculative the declarations offered by Defendant, arguing that they do not provide sufficient details to justify "relief so extreme as to avoid deposition." Opp. at 4; *see id.* at 6. Yet Plaintiff mischaracterizes both the relief requested and the detail of these declarations. Plaintiff emphasizes an exceedingly high standard that Defendant must satisfy, as a party to this case, before the Court can prevent his deposition. *Id.* at 2-3. But Defendant does not seek to bar his deposition permanently; rather, at this time he seeks only a temporary hold on his deposition for four to six months, after which the parties will reevaluate Defendant's condition. Reply at 3; ECF No. 86 at 1 (raising possibility of a four-month stay); *see Campos v. Webb County*, 288 F.R.D. 134, 138 (S.D. Tex. 2012) (granting a temporary stay of the plaintiff's deposition); *Medlin v. Andrew*, 113 F.R.D. 650, 654 (M.D.N.C. 1987) (same).

Plaintiff also understates the level of detail in the doctors' declarations stating that Defendant cannot sit for a deposition and that doing so would further endanger his health. *See* Opp. at 4-5. Dr. Mamatha Gadarla stated that the stress of a deposition, together with Defendant's delicate health, would likely result in severe health complications. Gadarla Decl. ¶ 12. Dr. Edward Vecchione similarly concluded after an examination that a deposition could subject Defendant to additional stress that could further impair his health. Vecchione Decl. ¶ 14. Dr. Vecchione also opined regarding Defendant's cognitive difficulties that could impair his ability to remember, speak, or understand questions asked of him. *Id.* ¶¶ 11, 12. The medical opinions expressed in these declarations are more specific than those that other courts have deemed conclusory or insufficient. *See Hardy v. UPS Ground Freight, Inc.*, No. 17-cv-30162, 2019 WL 13144825, at *5 (D. Mass. Oct. 7, 2019) (doctor's statement that a deposition would place "an undue strain" on witness's mental and physical health, without elaborating on what he meant by "undue strain" or representing that a deposition would

exacerbate the witness's symptoms, was conclusory); *Smith v. Yeager*, 322 F.R.D. 96, 99 (D.D.C. 2017) (denying protective order to prohibit deposition where the plaintiff "largely rel[ies] on [her] medical condition being well documented to the public through numerous national news agencies and her book detailing her struggles" (further brackets, quotation marks, and ellipsis omitted)); *Qube Films Ltd. v. Padell*, No. 13-cv-08405 (AJN), 2015 WL 109628, at *3 (S.D.N.Y. Jan. 5, 2015) (denying protective order as to defendant where two physicians submitted reports stating that he "suffers from Parkinson's disease and dementia and has experienced cognitive decline associated with those conditions," but "neither report indicates whether [the defendant] will suffer harm from the taking of his deposition, much less what that harm would be").

To the extent that Defendant's doctors do not specifically address the feasibility of certain accommodations for taking Defendant's deposition, their declarations attest with sufficient specificity that Defendant is not capable of providing sworn testimony and that sitting for a deposition could threaten his health. Plaintiff's proposed accommodations – such as offering breaks, taking the deposition remotely, and limiting the length of questioning, *see* Opp. at 6-7 – would not mitigate those concerns.

Therefore, the Court will grant Defendant a temporary protective order precluding his deposition for 120 days. On or before September 3, 2024, Defendant shall meet and confer with Plaintiff about rescheduling Defendant's deposition and provide the Court with a joint letter regarding the status of this discovery dispute and proposed next steps. If Defendant continues to maintain that there is good cause to prevent his deposition, he shall provide the

Court with information regarding his medical condition, along with specific and detailed evidence from his doctors.[2]

During this time, expert discovery in the case will proceed and is scheduled to close on July 12, 2024.  ECF No. 60.  The post-discovery pre-trial conference scheduled for August 14, 2024, is adjourned without date pending the final resolution of the issue of Defendant Crumpton's deposition.  Given that no final determination has been made, the Court declines at this time to rule on Plaintiff's request to bar Defendant Crumpton from submitting affidavits in connection with any summary-judgment motion or testifying at trial.  But as Defendant admits, "it goes without saying that if Crumpton is medically unable to be deposed, he would be medically unable to sit for trial testimony."  Reply at 9.

*          *          *

IT IS HEREBY ORDERED that Defendant Crumpton's motion for a protective order temporarily preventing his deposition is GRANTED under the conditions set forth in this Order.  Plaintiff is prohibited from deposing Defendant until on or after September 3, 2024.  The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 64, 66-70, and 81.

Dated:  May 6, 2024
         New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge

---

[2] Plaintiff has not demonstrated that she is significantly and unduly prejudiced by this stay.  Indeed, the Court stayed this action for two months to allow Plaintiff to obtain replacement counsel after her counsel moved to withdraw.  ECF No. 32.