UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABIGAIL DOOLITTLE,

                Plaintiff,

-against-

BLOOMBERG L.P. and MARK CRUMPTON,

                Defendants.

Case No. 1:22-cv-09136 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Before the Court are Bloomberg's request to file under seal Bloomberg's pre-motion letter seeking to exclude the testimony of Plaintiff's expert, Dr. Lieberman, Dkt. 136; Bloomberg's request to file under seal Bloomberg's response to Plaintiff's pre-motion letter seeking to exclude the testimony of Bloomberg's expert, Dr. Seltzer Dkt. 142; and Plaintiff's request to seal or redact her responses to Defendants' pre-motion letters and certain exhibits thereto, Dkt. 144.

Bloomberg's pre-motion letter seeking to exclude the testimony of Dr. Lieberman, Dkt. 136, discusses Dr. Lieberman's expert report and anticipated testimony, both of which contain sensitive medical information about Plaintiff. There is a strong privacy interest in medical information. *See, e.g., Thor Equities, LLC v. Factory Mut. Ins. Co.*, No. 20-cv-03380 (AT), 2023 WL 6382684, at *1 (S.D.N.Y. Sept. 29, 2023). The Clerk of Court is therefore respectfully directed to maintain Dkt. 141 under seal. Bloomberg's response to Plaintiff Doolittle's pre-motion letter seeking to exclude the testimony of Dr. Seltzer likewise concerns Plaintiff's sensitive medical information; therefore, the Clerk of Court is respectfully directed to also maintain Dkt. 143 under seal.

As for Plaintiff's requests to seal, Plaintiff seeks to file under seal unredacted versions of her response to Bloomberg's pre-motion letter seeking to exclude the testimony of Dr.

1

Lieberman and two exhibits thereto, Dkt. 144, namely, Dr. Lieberman's expert report and excerpts from Dr. Lieberman's deposition discussing the report.  The exhibits, which are cited to extensively in Plaintiff's response, concern sensitive and confidential medical information.  Therefore, for the reasons noted above, the Court finds that filing these entries under seal is appropriate and directs the Clerk of Court to maintain Dkt. 149 and Exhibits A and B thereto under seal.  Plaintiff also seeks to file under seal an unredacted version of Exhibit A to her response to Bloomberg's letter concerning its anticipated motion for summary judgment, Dkt.146-1.   Plaintiff seeks to redact references to individual financial information, including salaries.  "Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information." *IBM Corp. v. Micro Focus (U.S.) Inc.*, No. 22-cv-09910 (VB) (VR), 2024 WL 2279171, at *1 (S.D.N.Y. May 20, 2024).   The Clerk of Court is therefore likewise directed to maintain Dkt. 146 under seal.

Finally, Plaintiff seeks, at Dr. Crumpton's request, leave to file under seal Exhibit B to her response to Defendant Bloomberg's letter concerning its anticipated motion for summary judgment, and to redact references to the same in her response to that letter and her response to Mr. Crumpton's letter concerning his anticipated motion for summary judgment.  Dkt. 144.  Mr. Crumpton's counsel subsequently indicted that it is Mr. Crumpton's position that "no redactions . . . are necessary."  Dkt. 151.  The Court therefore considers this request moot.

  The Clerk of Court is respectfully requested to close the gavels at Dkts. 135, 141, 142, and 144.

Dated: January 15, 2025
   New York, New York

                 SO ORDERED.

                 _____
                 JENNIFER L. ROCHON
                 United States District Judge