UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABIGAIL DOOLITTLE,

                Plaintiff,

-against-

BLOOMBERG L.P. and MARK CRUMPTON,

                Defendants.

Case No. 1:22-cv-09136 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On March 4, 2025, Plaintiff filed a letter motion to file under seal unredacted versions of her Memorandum of Law in Support of her Motion to Exclude the Expert Report and Testimony of Bloomberg's expert, Dr. Ronni Lee Seltzer, M.D., and the supporting declaration and exhibits thereto. Dkt. 164. Plaintiff claims that the "subject of the motion is a report containing medical information categorized as 'information requiring caution'" under the Court's Individual Rules. *Id.* Also on March 4, 2025, at Plaintiff's request, Defendant Bloomberg L.P. ("Bloomberg") sought leave to file Bloomberg's motion to exclude the testimony of Plaintiff's expert, Dr. Carole Lieberman, under seal. Dkt 160. On March 10, 2025, Plaintiff filed a letter explaining the need to seal, again citing sensitive medical information about Plaintiff in Bloomberg's memorandum of law and supporting exhibits. Dkt. 182. Other than citing to the Court's Individual Rules, Plaintiff does not cite any legal authority in support of her requests to seal multiple documents. *See generally* Dkts. 164, 182.

      Although the common law right of public access to judicial documents is "firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations" against the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (3d Cir. 2006) (quotation marks and citation omitted); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the

1

sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action . . . ." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). "A court must evaluate a request to seal under both a 'common law right of public access to judicial documents,' and the press and public's 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Fleming Intermediate Holdings LLC v. James River Group Holdings Ltd.*, No. 1:24-cv-05335 (JLR), 2024 WL 4700013, at *2 (quoting *Lugosch*, 435 F.3d 110, 119-20). "If a sealing request cannot survive the common law test, it will not survive scrutiny under the First Amendment test." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14-MD-02542 (VSB), 14-MC-02542 (VSB), 2023 WL 196134, at *1 (S.D.N.Y. Jan. 17, 2023).

There are three steps for evaluating the common law right of access: first, determine whether the information to be sealed is a "judicial document" to which the presumption of public access applies, *Lugosch*, 435 F.3d at 119; second, determine the "weight of that presumption," *id.*; and third, "after determining the weight of the presumption of access, . . . 'balance competing considerations against it,'" *id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). With respect to the third step, competing considerations "must be concretely and specifically described." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *4. "The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17-cv-07417 (VM) (HBP), 2017

WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (alteration adopted) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).

With respect to steps one and two, the memoranda of law filed in support of the parties' respective motions *in limine* are judicial documents ordinarily entitled to a "strong presumption" of public access. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016); *see also United States v. Silver*, No. 15-cr-00093 (VEC), 2016 WL 1572993, at *1 (S.D.N.Y. Apr. 14, 2016) (observing that "Motions in Limine and . . . corresponding briefs and transcripts are judicial documents to which a First Amendment and common law right of access attach"). "Motions in limine are 'useful in the judicial process' — arguably even essential — because determining the admissibility of evidence is part of the judicial process of a trial." *Id.* at *4. "Moreover, an essential function of the Court in a trial is to decide the admissibility of evidence. Therefore, motion papers . . . that seek to persuade the Court to admit or exclude evidence are relevant to the performance of the judicial function." *Id.* (citation and quotation marks omitted). Plaintiff seeks to seal "information and argument" that "goes to the heart of the dispute," *MacroMavens, LLC v. Deustche Bank Sec., Inc.*, No. 09-cv-07819 (PKC), 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011), including issues of causation. "The dispositive inquiry, then, is whether there are 'countervailing factors' that outweigh this strong presumption of access." *Fleming*, 2024 WL 4700013, at *2 (quoting *Lugosch*, 435 F.3d at 120).

With respect to step three, Plaintiff asserts that the sealed memoranda of law contain sensitive medical information. Dkts 164, 182. There is a strong privacy interest in medical information. *See, e.g., Thor Equities, LLC v. Factory Mut. Ins. Co.*, No. 20-cv-03380 (AT), 2023 WL 6382684, at *1 (S.D.N.Y. Sept. 29, 2023). But Plaintiff's request to seal is not "narrowly tailored" — in fact, it is not tailored at all. *Lugosch*, 435 F.3d at 120 ("Documents

3

may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (alteration adopted). "[T]he need to protect sensitive medical information provides justification for *tailored* sealing and redactions . . . ." *Leib-Podry v. Tobias*, No. 22-cv-08614 (VEC) (JW), 2024 WL 1134597, at *2 (S.D.N.Y. Dec. 23, 2020) (emphasis added); *see also Valentini v. Grp. Health Inc.*, No. 20-cv-09526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) (granting request to seal specific medical documents and records). Here, however, Plaintiff makes an overbroad request to seal. The overbreadth of Plaintiff's request is demonstrated by the fact that some of the exhibits appended to the supporting declarations do not at all implicate Plaintiff's sensitive medical information: for example, Exhibit B to the Declaration of Daniel Kotchen, Dkt. 168-2, is a transcription of a conversation between Plaintiff and Jill Schneider regarding Crumpton's conduct. Exhibit B to the Declaration of David W. Garland, Dkt. 166-2, is a template checklist for the DSM-5. Plaintiff has therefore not proffered sufficient basis to seal the entirety of the memoranda and their accompanying exhibits. *See Optionality Consulting PTE. Ltd. v. Edge Tech. Group LLC*, No. 18-cv-05393 (ALC) (KHP), 2024 WL 1464660, at *2 (S.D.N.Y. Apr. 4, 2024) ("Despite requesting the sealing of dozens of documents, including the wholesale sealing of expert reports prepared for this litigation, Plaintiff does not offer explanations for their proposed sealing on a document-by-document basis.") (citation and quotation marks omitted); *United States v. Tavarez*, No. 22-cr-00430 (RA), 2024 WL 2327366, at *1 (S.D.N.Y. May 22, 2024) (denying request to file entire motion under seal but allowing Defendant to file medical reports under seal and to propose "narrowly tailored redactions of any sensitive medical information contained" in his motion); *Thor Equities*, 2023 WL 6382684 at *1 (allowing plaintiff to file sealed exhibits that relate to

"personal, confidential, and sensitive medical information" and that have "minimal relevance to the Court's decision" on pending motions) (citations omitted).

Given the centrality of the memoranda of law to the dispute before the Court, the parties shall file on the public docket unsealed versions of the memoranda of law in support of their respective motions *in limine* currently filed under seal at Dkts. 167 and 169. The Court shall, however, allow the parties to re-file the declarations and accompanying exhibits thereto, Dkts. 166, 168, with narrowly targeted redactions consistent with this opinion. The Clerk of Court is respectfully directed to terminate the gavels at Dkts. 160 and 164.

Dated: March 13, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge