UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABIGAIL DOOLITTLE,<br><br>                      Plaintiff,<br><br>-against-<br><br>MARK CRUMPTON and BLOOMBERG L.P.,<br><br>                      Defendants. | Case No. 1:22-cv-09136 (JLR)<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

       On March 13, 2025, the Court issued a Memorandum Opinion and Order resolving Plaintiff's and Bloomberg L.P. ("Bloomberg")'s pending motions to seal. Dkt. 185 ("Order"). On March 13, 2025, Plaintiff asked for further clarification on the Court's Order and the directive therein to refile the parties' declarations and exhibits to their respective *Daubert* motions with narrowly targeted redactions. Dkt. 186 ("Ltr."). Specifically, Plaintiff seeks clarification as to "what portions of exhibits may be sealed pursuant to the Court's Memorandum Order," and whether "those portions of the parties' memoranda that directly quote or summarize sealable portions of exhibits may be redacted." Ltr. at 1-2. The Court addresses these requests in turn.

       With respect to what portions of exhibits may be sealed, Plaintiff broadly identifies three categories of exhibits appended to the *Daubert* motions: (1) portions of Dr. Seltzer and Dr. Lieberman's reports and deposition transcripts, Dkts. 166-1, 166-3, 166-5, 168-4, 168-5; (2) PTSD checklists for DSM-5 completed by Plaintiff, Dkts. 166-4, 166-6, and (3) copies of office notes from Ms. Doolittle's physicians, 166-7. As Plaintiff notes, "courts in this Circuit . . . routinely seal medical records." *United States v. Tavarez*, No. 22-cr-00430 (RA), 2024 WL 2327366, at *1 (S.D.N.Y. May 22, 2024). Turning first to Dr. Seltzer and Dr. Lieberman's reports and deposition transcripts, although the expert reports are not medical

1

records *per se*, the Court finds that they include sufficiently sensitive medical information, in addition to information not relevant to this litigation, such that maintaining them under seal is appropriate at this juncture. With respect to the deposition transcripts, Dkts. 166-3, 168-4, to the extent those excerpts concern sensitive medical information or intimate details of Ms. Doolittle's life not directly connected to the allegations in this case, Plaintiff may propose targeted redactions. The Court shall also allow Plaintiff to file the PTSD Checklists for DSM-5 (PCL-5) under seal. *See* Dkts. 166-4, 166-6. Likewise, the Court will allow the office notes from Plaintiff's physician's office to be maintained under seal. *See* Dkt. 166-7. Because some of this information is contained in judicial documents, some or all of this information may ultimately be unsealed in the context of future opinions by this Court or at trial.

To summarize, the Court shall allow Plaintiff to maintain the expert reports, Plaintiff's PCL-5 checklists, and office notes from Plaintiff's physician office, temporarily under seal, pending a final determination by this Court on the underlying substantive motions. *See* Dkts. 166-1, 166-4, 166-5, 166-6, 166-7, 168-5. Plaintiff may propose targeted redactions with respect to the deposition transcripts. "[T]he Court finds that the public's interest in access will be protected by this Court's decisions not being filed under seal, and by all references to the relevant records being unredacted" in forthcoming decisions. *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-cv-0476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021). The Court shall further allow the parties to refile their respective memoranda of law, with the portions that directly quote or summarize sealed portions of exhibits redacted.

Dated: March 31, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge