UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABIGAIL DOOLITTLE,<br><br>        Plaintiff,<br><br>  -against-<br><br>BLOOMBERG L.P. and MARK CRUMPTON,<br><br>        Defendants. | Case No. 1:22-cv-09136 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

  On March 31, 2025, the Court entered a Memorandum Opinion and Order allowing Ms. Doolittle to maintain the expert reports, Ms. Doolittle's PCL-5 checklists, and office notes from Ms. Doolittle's physician office temporarily under seal, pending a final determination by this Court on the underlying substantive motions. Dkt. 189; *see* Dkts. 166-1, 166-4, 166-5, 166-6, 166-7, 168-5. The Court advised that Plaintiff could proposed targeted redactions with respect to the deposition transcripts and authorized the parties to refile their respective memoranda of law, with the portions that directly quote or summarize sealed portions of exhibits redacted. Dkt. 189. Now before the Court are various motions to file under seal and/or with redactions in connection with the parties' respective motions *in limine*. *See* Dkts. 194, 196, 204, 206, 211, 217.

  By letter-motion dated April 22, 2025, Ms. Doolittle sought proposed targeted redactions of her Opposition to Defendants' Motion to Exclude the Testimony of Plaintiff's Expert, Dr. Carole Lieberman, and Exhibit 2 to the supporting Declaration of Daniel Kotchen, to the extent they contained "sensitive medical information or intimate details of Ms. Doolittle's life not directly connected to the allegations in this case." Dkt. 194; *see also* Dkts. 195, 201. That same day, at Ms. Doolittle's request, Defendant Bloomberg L.P. ("Bloomberg") filed its opposition to Ms. Doolittle's Motion to Exclude the Testimony of Dr.

1

Ronni Seltzer under seal, along with excerpts from Dr. Seltzer's deposition transcript. Dkt. 196.

On April 25, 2025, Ms. Doolittle filed a letter-motion seeking permission to file redacted versions of previously filed documents that were the subject of the Court's March 31, 2025 Order. Dkts. 204, 205. Ms. Doolittle also proposed redactions to Defendants' Opposition to Ms. Doolittle's Motion to Exclude and to excerpts from Dr. Seltzer's deposition transcript. Dkt. 204. On May 6, 2025, Ms. Doolittle filed a letter-motion seeking to redact portions of her Reply Memorandum of Law in Support of her Motion to Exclude the Testimony of Bloomberg's Expert, Dr. Seltzer, and Exhibit 1 to the supporting Declaration of Daniel Kotchen, containing excerpts from Dr. Seltzer's deposition transcript. Dkt. 206. The same day, at Ms. Doolittle's request, Bloomberg sought leave to file Defendants' Reply Memorandum of Law in Further Support of their Motion to Exclude the Testimony of Ms. Doolittle's expert under seal. Dkt. 211. On May 7, 2025, Ms. Doolittle proposed targeted redactions to Defendants' Reply Memorandum in Support of Their Motion to Exclude the Testimony of Dr. Carole Lieberman. Dkt. 217.

Ms. Doolitte represents that, for each of the above-referenced docket entries, she has sought only to seal those portions of the memorandum that directly quote from or summarize portions of the exhibits and deposition transcripts that disclose sensitive medical information or intimate details of Ms. Doolittle's personal life not connected to the allegations in this case. Likewise, Ms. Doolittle represents that has sought to redact information from the underlying deposition transcripts that discloses either sensitive medical information or intimate details.

Consistent with the Court's March 31, 2025 Order, the Court shall GRANT Plaintiff's various letter-motions to file the afore-mentioned dockets under seal and/or with redactions on the public docket temporarily, pending a final determination by this Court on the underlying

substantive motions. As noted in the Court's March 31, 2025 Order, "the Court finds that the public's interest in access will be protected by this Court's decisions not being filed under seal, and by all references to the relevant records being unredacted in forthcoming decisions." *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-cv-0476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021).

The Clerk of Court is directed to maintain Dkts. 195, 198, 200, 201, 205, 207, 208, 212, and 218 under seal, and to terminate the gavels at Dkts. 194, 196, 204, 206, and 211.

Dated: May 8, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge